UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-11372-AH-(AJRx) | Date | January 12, 2026 |
| Title | Mary Powell v. Mercedes-Benz USA, LLC et al | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                                                    None Present

**Proceedings:**   (IN CHAMBERS) ORDER REMANDING CASE [JS-6]

On December 8, 2025, the Court issued an order to show cause why this action should not be remanded for lack of subject matter jurisdiction. Dkt. No. 10. On December 23, 2025, Defendant Mercedes-Benz USA, LLC ("Defendant") filed a Response. Resp., Dkt. No. 14.[1] Plaintiff Mary Powell ("Plaintiff") did not file a response.

---

[1] Defendant also filed a Request for Judicial Notice in support of its response, seeking judicial notice of eight court documents from other cases. Dkt. No. 15. A court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" because it can be "accurately and readily determined." Fed. R. Evid. 201(b)(2). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Plaintiff does not object to Defendant's request for judicial notice. Each of the documents are matters of public record which are not subject to reasonable dispute. Accordingly, the Court GRANTS the request.

The Court, having considered the Response and relevant law, **REMANDS** the case for the reasons explained below.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "a federal court always has jurisdiction to determine its own jurisdiction." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1153 (9th Cir. 2022). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* at §§ 1331, 1332(a). Here, the parties appear to be citizens of diverse states. Thus, the Court analyzes only whether the amount in controversy exceeds the $75,000 threshold.

"Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

The Song-Beverly Consumer Warranty Act ("SBA") permits actual damages in the form of restitution "in an amount equal to the actual price paid by the buyer," less the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle" for repair. Cal. Civ. Code § 1793.2(d)(2)(B)-(C). "The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the . . . repair facility for correction of the problem." *Id.* § 1793.2(d)(2)(C). "The Ninth Circuit has explained that 'consideration of the [u]se [o]ffset [is] appropriate' in determining the amount in controversy because 'an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount

of damages recoverable.'" *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (quoting *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018)) (alterations in original). Defendant argues that $186,018.00 was put at stake by Plaintiff in the Complaint. Resp. at 4. However, the actual damages figure Defendant relies upon—$62,006.00—is simply the contract price of the subject vehicle as noted in the Complaint. *Id.* Defendant does not attempt to calculate the mileage offset. Therefore, the Court finds that Defendant's estimate of actual damages is speculative.[2]

      Additionally, the SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages" if the defendant's violations are willful. Cal. Civil. Code § 1794(c). Although district courts have found that civil penalties should be included in the amount in controversy if pled in the Complaint, other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages." *See Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases). "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023). Here, Defendant merely points to the Complaint's allegation that Defendant's actions were willful, arguing that this allegation is enough to demonstrate that the maximum two-times civil penalty has been put in controversy. Resp. at 3-4, 6. But the complaint's allegations of willfulness merely allege that "[b]ecause Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount

---

[2] In addition, amendments to the SBA that took effect January 1, 2025 provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs. Cal. Civ. Code § 871.27(b)-(d), (f). "California courts have held that actual price paid or payable, includes all amounts plaintiffs become legally obligated to pay when they agreed to buy the vehicle." *Godoy v. Jaguar Land Rover N. Am., LLC*, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38 (2000)) (citation modified). To the extent that any of these offsets are applicable in this case, Defendant does not discuss them in its actual damages calculation either.

of actual damages for Mercedes-Benz USA, LLC's willful failure to comply with its responsibilities under the Act." Compl. ¶ 33.  This is insufficient to establish that civil penalties in the amount of $124,012 should be included in the calculation.

Because Defendant's actual damages and civil penalties estimates are speculative, the Court finds that Defendant has not met its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.  Accordingly, the Court REMANDS this case to the Superior Court of the State of California for the County of Los Angeles, case number 25STCV30971.  All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**